John G. Balestriere*
Roberto Cuan (Atty ID: 035821999)
**BALESTRIERE FARIELLO**
225 Broadway, 29th Floor
New York, New York 10007
Telephone:    (212) 374-5401
Facsimile:    (212) 208-2613
john.balestriere@balestrierefariello.com
roberto.cuan@balestrierefariello.com
*Attorneys for Plaintiff and the Class*
*\*Pro hac vice application forthcoming*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **DOYLE C. STONE**, individually, and for all others similarly situated, <br><br>         Plaintiff, <br><br>    -against– <br><br><br> **PRUDENTIAL FINANCIAL, INC.,** **PRUCO LIFE INSURANCE COMPANY**, <br><br>         Defendants. | Case No.: _____ <br><br><br> **CLASS ACTION COMPLAINT** <br><br> <u>**JURY TRIAL DEMANDED**</u> |

Plaintiff Doyle C. Stone ("Plaintiff" or "Stone"), on behalf of himself and a class of similarly situated individuals, by his attorneys, Balestriere Fariello, for their Complaint against Prudential Financial, Inc. ("Prudential" or the "Company") and Pruco Life Insurance Company ("Pruco"), respectfully alleges as follows.

## INTRODUCTION

1.      Prudential and Pruco engage in a scheme to deprive individual participants and their beneficiaries of the value of their retirement, annuity, and insurance plans ("Plan" or the "Plans") entrusted to Prudential's care.

2.      Specifically, Prudential and Pruco knowingly utilize deficient notification and identification practices, along with purposefully unclear descriptions of benefits, so that less than the full amount of funds due are distributed to Plan participants and their beneficiaries.

3.      To hide this scheme from regulators, Prudential developed an esoteric database and software to enable it to manipulate the data and information it was required to provide in regulatory audits.

4.      As a result of its failure to provide effective, actual notice, Prudential and Pruco wrongly maintain for themselves the monies belonging to its Plan's participants in one of two ways.

5.      First, Prudential and Pruco, after failing to notify beneficiaries, improperly release reserve funds and transfers the unclaimed monies of supposedly abandoned Plans into their own accounts. Prudential and Pruco do this instead of transferring these funds to state unclaimed property accounts, as required by law, where the funds could be reclaimed by the beneficiaries.

6.      Or, second, Prudential and Pruco, by failing to alert individual participants of changes to their Plans, deals the benefit proceeds of the Plans in their own interest. Prudential and Pruco achieve this by restricting participants or beneficiaries from the

benefits they are owed, lending itself the benefits that they owe to their Plan participants or their beneficiaries, investing the retained funds for their own accounts, and keeping for themselves the resulting profits.

7.    Prudential's and Pruco's misconduct often affects longstanding and retired individual participants of the Plans, many of whom are seniors, including those in nursing homes and other care facilities, which adds to the well-recognized and growing problem of financial elder abuse.

8.    Prudential and Pruco are fully aware of their misconduct. In 2012, Prudential and its independent life insurance companies reached a $17 million multi-state settlement (the "Regulatory Settlement Agreement") for similar misconduct. Prudential was found to have inadequately determined and notified life insurance beneficiaries that had a claim on the funds entrusted to Prudential's care.[1]

9.    More recently, Prudential management discussed with its staff the Company's own deficient notice practices that were virtually identical to those for which its competitor, MetLife, Inc. ("MetLife"), had self-reported to the Securities and Exchange Commission ("SEC") in 2019 and been fined millions of dollars by regulatory agencies.

10.    Prudential and Pruco owe Plaintiff, at a minimum, the fiduciary duties of loyalty and due care to administer the benefit Plan primarily in his interest. Prudential and Pruco likewise owe this duty to other members of the Class, as defined below.

11.    Yet, Prudential and Pruco shirked these duties, acting contrary to the care,

---

[1] *See, e.g.,* Regulatory Settlement Agreement, https://doi.sc.gov/DocumentCenter/View/7456/Pru-DENTIAL_022012 (last accessed June 21, 2021).

skill, prudence, and diligence that a fiduciary in a similar capacity would exercise under similar circumstances and in a way that benefited Prudential but hurt its fiduciaries.

12.     Plaintiff brings this action on behalf of himself and the Class, as defined below, under the New Jersey Consumer Fraud Act, 56:8-1 *et seq.* (the "CFA") and common law claims, seeking a remedy for Prudential's and Pruco's practice of converting Plans proceeds and investing these funds for their own accounts.

13.     Prudential's and Pruco's conduct violates the CFA and common law standards because it is a party in interest and a fiduciary. Prudential's misconduct also violates the duties of loyalty and prudence which common law imposes upon fiduciaries.

14.     Plaintiff and the Class have suffered significant damage due to Prudential's and Pruco's misconduct and are, at a minimum, entitled to the benefits owed to them under their Plans, plus interest, along with any other relief the Court deems necessary and proper.

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

16.     This Court has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367.

17.     This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005, because the matter in controversy exceeds $5,000,000, exclusive of interest and costs, and is a class action in which some members of the Class are citizens of states other than the state in which

Prudential is headquartered. *See* 28 U.S.C. § 1332(d)(2)(A).

18.     Venue lies in the District of New Jersey because Prudential is incorporated under the laws of the State of New Jersey with its principal place of business in Newark, New Jersey.  Prudential Plans are administered in and Prudential can be found operating in the District of New Jersey.

## THE PARTIES

### *Plaintiff*

19.     Plaintiff Doyle C. Stone resides in Kentucky. At all relevant times, Plaintiff Stone has been a Plan participant.

### *Defendants*

20.     Defendant Prudential is an American and global Fortune 500 company that is incorporated under the laws of New Jersey. Prudential is headquartered at 745 Broad Street, Newark, New Jersey.

21.     Defendant Pruco is a wholly owned subsidiary of and is controlled by Prudential. Pruco is incorporated under the laws of Arizona and maintains its principal office at 213 Washington Street, Newark, New Jersey.

22.     Prudential, including through Pruco and its other subsidiaries, provides a variety of products and services to both individual and institutional customers, including life and supplemental insurance, annuities, retirement-related services, investment management, and mutual funds. Prudential operates in all fifty states and the District of Columbia, as well as in over forty other countries in Asia, Europe, and Latin America.

23.     Prudential's retirement business provides retirement investment and

income products and services to retirement plan sponsors in the public, private, and non-profit sectors.

## FACTUAL ALLEGATIONS

### The Affected Plans

24.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure ("Rule") 23 on behalf of himself and all other persons in the United States who were (1) Plan participants in the retirement, annuity, and insurance Plans in or after January 2015 until the present date (the "Class Period"), and were damaged by Prudential's deficient notification practices and/or improper transfer of funds to its own accounts or (2) the beneficiaries of such Plans (the "Class").

25.     The business lines and products at issue in this litigation, the Plans, are retirement plans, annuity plans, and insurance plans (life and supplemental) that Prudential and Pruco sell either directly or through their insurance agents to private individuals, including Stone, who holds one annuity with Pruco and three life insurance plans with Prudential, and the members of the Class.

26.     In these policies, Prudential and Pruco take on responsibility for administering the Plans and distributing proceeds to Plan participants, including Class members, and their chosen beneficiaries.

27.     For all Class members, Prudential and Pruco are "named fiduciaries."

28.     Under its policy contracts, Prudential and Pruco are the administrators of the Plans because the two entities exercise discretionary authority or control with respect to management of the benefit Plans and have discretionary authority and responsibility

in the administration of the benefit Plans.

29.     Specifically, under the terms of the benefit Plans, Prudential and Pruco have the responsibility to maintain participant information and reserve funds, as well as administer benefit communications and distributions.

30.     By virtue of these responsibilities, Prudential and Pruco have the fiduciary duty to diligently monitor and loyally administer participant accounts on behalf of Stone and all Class members.

### Prudential's and Pruco's Administration of the Plans in Breach of its Fiduciary Duties

31.     Prudential and Pruco promise, in relevant agreements, to act as fiduciaries. For example, a settlement clause in one of Stone's life insurance plans provides: "We will look to the beneficiary designation of the contract; we will see what other beneficiary(ies), if any, would have been entitled to the portion of the proceeds."

32.     But Prudential and Pruco do not do this. Instead, Prudential and Pruco deliberately choose to employ inadequate procedures in Plan benefits distribution, which has resulted in its failure to pay Class members, improperly increasing its Plan profits.

33.     As the Plan administrator, Prudential and Pruco have fiduciary duties to inform Plan participants or their beneficiaries that certain events have made them eligible to receive distributions from the Plans, but Prudential and Pruco do not do this.

### Prudential's Failure to Provide Proper Notice

*Retirement Plans*

34.     For retirement Plans, Prudential is required to give notice to the Class

members when they are eligible to start receiving their retirement benefits.

35.     Yet, it is Prudential's intentional practice to mail notices only twice to the Class member's last known address, once at age 65, and the second five years later. Prudential does not take any further steps to ensure that Plan participants actually receive effective notice.

36.     In a previous action involving MetLife, the SEC found this same two-mailing practice to be inadequate and a violation of MetLife's fiduciary duties in its self-report to the regulator, leading to a regulatory settlement.

37.     Indeed, Prudential management has knowledge of these events, and even discussed internally that it had a "MetLife problem" itself.

38.     When Prudential does send the notices, it takes steps to make the notices less likely to be read.

39.     Prudential, in fact, intentionally designed the mailers it sent to Stone and Class members to look like junk mail. These included, among other things, sending notices in non-descript envelopes which, when opened, contain only vague descriptions in small, eight-point font, in contrast to the industry-standard practice of large, attention-grabbing characters on the inside and outside of such important, time-sensitive notices.

40.     Prudential even makes substandard efforts to locate mailing addresses for its mailings to deceased: it simply uses the last physical address on file, rather than falling back on the use of its emails or telephone numbers on file when mail is returned, or checking public records, including the widely used Death Master File maintained by the Social Security Administration—all of which are industry standard practice when a

notice is not delivered.

*Annuity Plans*

41.     Similarly, with respect to annuity Plans, Pruco again limits its notice to Class members that their annuities have matured and they are eligible for distributions to simply a notice mailed upon maturity and a second notice mailed five years later.

*Life and Supplemental Life Insurance Plans*

42.     Finally, with respect to life and supplemental life insurance Plans, when Plans are transferred to Prudential as a new administrator, participants are entitled to withdraw the funds from their insurance and transfer the insurance to a different administrator instead of Prudential.

43.     If the Class member does not respond within the time limits applicable under state regulations (usually 30 or 45 days), the funds stay with Prudential and the coverage is forfeited by the participant.

44.     Prudential sends a single, mailed notice to Plan participants.

45.     If Prudential does not receive a response from its mailings, it releases the Plan funds into Prudential's own accounts, contrary to its promises, its fiduciary duties, and legal requirements.

46.     Stone estimates that he alone lost at least $30,000 from such a failure to be informed.

**Prudential's and Pruco's Fraud**

47.     **What is the fraudulent statement or omission?**

Prudential and Pruco make a material misstatement when they promise to provide

9

notice which they knew that they shall not. Prudential and Pruco then make a material omission when they do not perform as they say they will, specifically—when they do not give the notice required but which they promise.

Prudential and Pruco, in their agreements, promise Plan participants including Stone and the Class, that they will provide proper notices when Prudential and Pruco modify their Plans' policy terms or when they distribute benefits to beneficiaries. Prudential and Pruco, however, engage in material omissions and do not abide by their promised notice procedures because their actual notices—which Prudential and Pruco mails if they modify the Plan's policy terms or if there are changes to how the benefits are distributed or frequency of the benefits—have been found by courts to be inadequate in highly similar, or identical contexts.

48. **Who made the false statement to Prudential's and Pruco's policyholders?**

Prudential and Pruco make the material misstatements through Sales Representatives who sell the policies and the Prudential Representatives who sign the policies.

Prudential and Pruco make the material omissions by way of the manner in which they distribute the inadequate notices.

49. **When have Prudential and Pruco made the false statements or material omissions?**

Prudential and Pruco, with their policy documents, make their false statements regarding adequate notice when customers are initially interested in purchasing Prudential's and Pruco's policies. Stone in particular signed his Plan policies, based on

10

their false statements, on June 24, 1989, April 23, 1990, June 24, 1992, and May 16, 2006, and other Class members signed their Plan policies during the time period up to and including the present.

Prudential and Pruco then make the material omissions by way of the deliberately inadequate notice procedures they employ when they send out their notices, which both companies have been doing since at least 2010. In Stone's case, Prudential and Pruco have not provided adequate notice to him in at least every January since 2010 through and including January 2021.

50.    **What is Prudential's and Pruco's actual practice?**

Prudential and Pruco fail to effectively utilize a national database or other tools, including, but not limited to, online search tools, public record searches, and e-mail, to locate beneficiaries and often disguise key policy information as junk mail and improperly releases reserves for benefits, to the detriment of Stone and the Class.

51.    **Do Prudential and Pruco have knowledge of their misrepresentations?**

Prudential and Pruco have knowledge of their false promises because the companies conduct internal audits of complaints from Plan participants. In fact, in internal discussions, Prudential specifically acknowledged its deficient notification practices—which apply to Pruco—in 2010 and later recognized its failure to distribute benefits to beneficiaries, including, but not limited to, by acknowledging starting in 2019 that it has a "MetLife problem" (a reference to the 2019 settlement by MetLife with the SEC that involved strikingly similar inadequate notice procedures like those at issue

11

here).[2]

52.    **What opportunity do Prudential and Pruco have to make their false statements or material omissions?**

Prudential and Pruco are the only companies which can make the promises regarding proper notice and so they each have ample opportunity to make the material misstatements.

Prudential and Pruco are also the only companies which choose what notice to give, or not, and what kind of notice to give, so they also each have the opportunity to make the material omissions.

Prudential and Pruco then decide how to give notice and at such time uses the deliberately ineffective notice procedures discussed here.

53.    **What motive do Prudential and Pruco have to make the misstatements or material omissions?**

By failing to notify their Plan participants or their beneficiaries, Prudential and Pruco either keeps the benefits or allows itself to collect additional fees from policies.

54.    **What ascertainable loss do Stone and Class Members suffer from Prudential's and Pruco's misrepresentations?**

Stone and his fellow Class members lose moneys they are due from Prudential and Pruco.

Plan participants are unaware of the additional account fees that Prudential and

---

[2] *See, e.g.*, Press Release, Securities and Exchange Commission, MetLife to Pay $10 Million for Longstanding Internal Control Failures (Dec. 18, 2019), https://www.sec.gov/news/press-release/2019-269 (last accessed June 21, 2021).

Pruco assess on their accounts when they fail to receive and respond to the notices.

Plan participants and their beneficiaries also lose their benefits entirely if Prudential and Pruco do not transfer policy benefits to the account's beneficiaries. Such lost benefits are what Prudential and Pruco keep benefits for themselves, and do not pay to the beneficiaries, nor transfer to state unclaimed fund accounts.

### Prudential's Fraud Against Stone

55.    When Stone, as a Plan participant, signed up for Prudential's three life insurance plans and Pruco's annuity plan, each company promised, through a Sales Representatives for Pruco and Prudential and the Prudential Representatives who signed the policies, that he would receive proper notices to any changes in his policies.

56.    However, Stone did not receive adequate notices for either of his four policies with Pruco or Prudential in, at the very least, January 2010, January 2011, January 2012, January 2013, January 2014, January 2015, January 2016, January 2017, January 2018, January 2019, January 2020, or January 2021.

57.    Instead, Prudential intentionally designed the mailers that it sent to Stone, in 2021 and in the previous years, to look like junk mail, using discreet white envelopes that show no indication of any important changes to his policies, or even that the mail originated from Prudential and Pruco or that the mail contains important financial information.

58.    As a result, Stone has not received proper notices from Prudential and Pruco in at least January 2010, January 2011, January 2012, January 2013, January 2014, January 2015, January 2016, January 2017, January 2018, January 2019, January 2020, or

January 2021 that describe changes in the fee structure of his policies.

59.     Specifically, Stone has also failed to receive notices during this time from Pruco informing him to increase withdrawals from his annuity account, causing him to incur thousands of dollars in fees that he would have avoided if Pruco practiced proper notice requirements.

60.     Prudential and Pruco's failure to properly notify Stone of changes to his policies has caused Stone to lose at least $30,000 in benefits.

**Further Background**

*Prudential and Pruco Lend Itself Plan Benefits*

61.     Prudential's and Pruco's fraud based on inadequate notice is intentional and well thought out, and is part of a broader set of acts of misconduct in which Prudential and Pruco engage to deprive its Plan participants and their beneficiaries of moneys they are due.

62.     As an example, when Prudential and Pruco approve claims for death and retirement benefits under the Plans in amounts that exceed a certain threshold, Prudential and Pruco do not pay the benefits in one sum or give the beneficiaries any choice concerning the mode of payment.

63.     Instead, Prudential and Pruco issue Plan participants, or beneficiaries a book of blank drafts that they can use to draw on their own funds in increments. By doing so, Prudential and Pruco exercise their control over the Plan benefits and functionally loans these benefits to itself, holding the participants, or beneficiaries' benefits in its general account.

64.     When Prudential and Pruco loans the Plan benefits to themselves, they hold these borrowed funds in their general accounts until they are called upon to transfer funds to cover the drafts drawn on the debts it owes to the Plan participants or beneficiaries.

65.     In the interim, Prudential and Pruco invest the Plans funds and keep for themselves the spread between the amount it gains by investing the beneficiaries' funds, which is in addition to the commission it collects and reports on quarterly and annual statements.

66.     Prudential and Pruco do not disclose to their Plans participants or beneficiaries the amount of profit they realize from its investment of funds that they owe Plans' participants or beneficiaries, nor do they negotiate in advance as to the amount of profit that they will retain. And Prudential and Pruco do all of this with money that belongs to the Plans' participants and beneficiaries, those to whom Prudential and Pruco owes a fiduciary duty.

*Prudential Has Knowledge of Its Unlawful Conduct*

67.     In 2012, Prudential, Pruco, and other entities affiliated with the Company entered into what was called the Regulatory Settlement Agreement with at least twenty states to correct similar wrongdoings in its life insurance businesses. As now, Prudential and Pruco were benefiting at the expense of their fiduciaries.

68.     The multi-state investigation examined Prudential's and Pruco's policies and procedures to ensure that life insurance and endowment policies were timely reported or remitted in accordance with Unclaimed Property and Insurance Laws in each

state.

69.     Specifically—again, similar to the conduct at issue in this complaint—the multi-state investigation found that Prudential and Pruco were not doing enough to locate individuals who were due benefit payments. Furthermore, Prudential and Pruco were not turning over unclaimed benefit payments either to beneficiaries or the states, as required.

70.     As a result of the investigation's findings, and to settle the claims of the state regulators over Prudential's and Pruco's improper practices, both entities agreed to compare their in-force policies, annuity contracts, and retained asset accounts, as well as those policies that have lapsed and that are still within the applicable state dormancy period, against the Social Security Death Master File.

71.     Pursuant to the Regulatory Settlement Agreement, Prudential and Pruco also agreed to conduct thorough searches for the policyholder and beneficiary outside of the Death Master File, including, but not limited to, at least three mailing attempts, using online search tools, and contacting beneficiaries by phone and by email.

72.     Prudential's and Pruco's past practices, the multi-state investigation, and the Regulatory Settlement Agreement further demonstrate Prudential's and Pruco's actual knowledge of their scheme of misconduct alleged here.

## CLASS ACTION ALLEGATIONS

73.     Plaintiff brings this class action pursuant to Rule 23 in his representative capacity on behalf of himself and the Class of all others similarly situated as defined in

this complaint.

74.     This action meets the following prerequisites of Rule 23(a):

a.  **Numerosity**: The Class includes hundreds, if not thousands, of members. Due to the high number of class members, joinder of all members is impracticable and, indeed, virtually impossible.

b.  **Ascertainable**: The proposed Class is ascertainable. Every policyholder, or their beneficiary, whose Plans was transferred to or was administered by Prudential and Pruco in the Class Period is ascertainable through Prudential's and Pruco's records and therefore each Class member can be determined.

c.  **Commonality**: A substantial pool of common questions of law and fact exists among the Class, including but not limited to:

i.  Whether Prudential and Pruco adequately and diligently attempted to locate and contact Plan participants or their beneficiaries before releasing any funds due to those participants and beneficiaries into their own accounts.

ii.  Whether Prudential and Pruco checked the Death Master File, public records, and performed online searches to find participants and beneficiaries before releasing benefits funds and closing accounts.

iii.  Whether Prudential and Pruco transferred the unclaimed benefits from unclaimed accounts to state unclaimed property funds or to their own accounts, and whether such conduct was a violation of

law.

iv.   Whether Prudential and Pruco breached their fiduciary duties to Plan participants and beneficiaries and engaged in consumer fraud by failing to use adequate location, contact, and confirmation procedures when searching for non-responsive Plan participants and beneficiaries.

v.   Whether Prudential and Pruco breached their fiduciary duties to Plan participants and engaged in consumer fraud by using procedures it devised and computer programs it employed to bury critical plan and benefit information in intentionally difficult-to-understand language, and intentionally difficult to find locations, within Prudential and Pruco's notices mailed to Plan participants.

vi.   Whether Prudential and Pruco sought to cover up their illegal conduct by using computer programs to manipulate and obscure Plan and beneficiary data from regulators or auditors.

vii.   Whether Prudential's and Pruco's ineffective mailing practices caused Plan participants to experience Plans default.

viii.   Whether Prudential and Pruco were negligent in failing to rectify its ineffective mailing practices.

ix.   Whether Prudential and Pruco used ineffective notices to lend itself the benefits it owed to Plans participants and their beneficiaries, investing the retained funds for their own account, and keep for

18

themselves the resulting profits, and whether any of this conduct violated any law.

x. Whether Class Members suffered damages due to Prudential's and Pruco's breach of fiduciary duties owed to Class Members.

xi. Whether Class Members suffered damages due to Prudential's and Pruco's consumer fraud and violations of other common law standard when they engaged in the misconduct alleged here related to Plans.

d. **Typicality**: Plaintiff's claims are typical of the claims of the Class. As an ordinary and individual Plan participant, along with all Class Members, Plaintiff has been injured by the same wrongdoing and practices of Prudential and Pruco. Plaintiff's type and extent of injury is representative of the Class.

e. **Adequacy**: Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff does not have any interests that conflict with the interests of the members of the Class. Plaintiff has engaged competent counsel who are experienced in complex litigation, including class action litigation.

f. **Superiority**: A class action is superior to alternatives, if any, for the timely, fair, and efficient adjudication of the issues alleged herein. A class action will permit numerous similarly situated individuals to prosecute their common claims in a single forum simultaneously

without duplication of evidence, expense, and resources. This action will result in uniformity of decisions and avoid risk of inconsistency and incompatible standards of conduct in the judicial system.

g. **Maintainability:** This action is properly maintainable as a class action for the above-mentioned reasons and under Rule 23(b):

    i. The individual amount of restitution involved is often so insubstantial that the individual remedies are impracticable and individual litigation too costly;

    ii. Individual actions would create a risk of inconsistent results and duplicative litigation;

    iii. Prudential and Pruco have acted or refused to act on grounds generally applicable to the Class, thereby rendering final injunctive relief or declaratory relief appropriate for the Class as a whole; and

    iv. Individual actions would unnecessarily burden the courts and waste judicial resources.

h. **Predominance**: The questions of law or fact common to Class Members predominate over any questions affected only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF AGAINST BOTH DEFENDANTS**
**(Violations of the New Jersey Consumer Fraud Act**
**Under N.J. Stat. Ann. § 56:8-1, *Et Seq.*)**

75.     Plaintiff realleges and incorporates the preceding paragraphs as though set forth herein.

76.     Plaintiff and the members of the Class are "persons" within the meaning of N.J.S.A. § 56:8-1(d).

77.     Prudential and Pruco both use and employ unconscionable commercial practices, deception, fraud, false pretense, false promises and/or misrepresentation, and/or knowingly conceal, suppress and/or omit to disclose material facts with the intent to cause Plaintiff to rely upon such concealment, suppression or omission, in connection with the deficient written notices practice and in connection with their subsequent performance of their obligations to Plaintiff, and have thereby violated N.J.S.A. § 56:8-2.

78.     Plaintiff and the Class have suffered at least hundreds of thousands of dollars in damages as a result of Prudential's and Pruco's unlawful conduct.

79.     Plaintiff and the other members of the Class have suffered an ascertainable loss of money as a result of Prudential's and Pruco's violation of the CFA, thereby entitling them to appropriate legal or equitable relief under N.J.S.A. § 56:8-19.

**SECOND CLAIM FOR RELIEF AGAINST BOTH DEFENDANTS**
**(Breach of Fiduciary Duty Under Common Law)**

80.     Plaintiff realleges and incorporates the preceding paragraphs as though set

forth herein.

81.    As the entity which was performing all of the decisions on whether to restrict Plaintiff and Class members' benefits, Prudential and Pruco owed Plaintiff and the Class a fiduciary duty to properly perform such determinations.

82.    Prudential's and Pruco's breaches include, but are not limited to:

a.    Failing to distribute all benefits to lawful owners through a scheme of inadequate notice to and identification of living Plan participants and their beneficiaries;

b.    Using deficient and untimely notice and explanation of benefits, cash value options, and transfer options and deadlines in furtherance of this scheme;

c.    Failing to deposit unclaimed benefits into trust and unclaimed property accounts as required by law, instead releasing those funds from reserves to its proprietary accounts;

d.    Unjustly enriching itself in an amount equal to all profits obtained on the borrowed benefits;

e.    Prudential using its procedures and computer systems, including newly installed intricate software programs, and pay language experts to not only cover up its wrongdoing, but also to craft language and other procedures to perpetuate its ongoing accumulation of unclaimed benefits and their conversion.

83.    Prudential's and Pruco's breach of fiduciary duty has caused substantial

damages to Plaintiff and the Class in that their benefits have been reduced or denied.

## THIRD CLAIM FOR RELIEF AGAINST BOTH DEFENDANTS
### (Unjust Enrichment Under Common Law)

84.     Plaintiff realleges and incorporates the preceding paragraphs as though set forth herein.

85.     At all relevant times, Prudential and Pruco have consistently and systemically denied or reduced benefits at Plaintiff's and Class member's expense.

86.     By failing to notify their Plan participants or their beneficiaries, Prudential and Pruco either keep the benefits or allow themselves to collect additional fees from policies.

87.     Under the circumstances, it is unjust for Prudential and Pruco to retain the benefits without paying for them and their retention of the benefits is inequitable.

## FOURTH CLAIM FOR RELIEF AGAINST BOTH DEFENDANTS
### (Fraud Under Common Law)

88.     Plaintiff realleges and incorporates the preceding paragraphs as though set forth herein.

89.     Prudential and Pruco make a material misrepresentation when they promise Plan participants, including Stone and the Class, that they will provide proper notices when the companies modify their Plans' terms or when they distribute benefits to beneficiaries.

90.     Prudential and Pruco have knowledge of their material misrepresentation because the companies conduct internal audits of complaints from Plan participants.

91.     Prudential and Pruco then make the material omissions by way of the

deliberately inadequate notice procedures they employ when they send out their notices.

92.    Prudential and Pruco intend to deceive Plan participants because the companies either keep the benefits that it owes to Plan participants or their beneficiaries or collect additional fees from policies.

93.    Plan participants reasonably rely on Prudential's and Pruco's representation and sign up for Plans, expecting to receive proper notices and that their beneficiaries will receive their benefits.

94.    Plaintiff and Class member's reliance on Prudential's and Pruco's misrepresentations, made as a seller of insurance and not as an administrator or fiduciary, was to their substantial detriment, as a result they have suffered or will suffer significant money damages.

95.    By virtue of the foregoing, Prudential and Pruco have committed common law fraud.

## **PRAYER FOR RELIEF**

WHEREFORE, by reason of the foregoing, Plaintiffs respectfully requests:

a. a declaratory judgment and holding that the acts of Prudential and Pruco described herein violate New Jersey's consumer protection laws and applicable common law standards in the ways alleged and has been unjustly enriched thereby;

b. that the case be certified to proceed as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3), and that Stone and his attorneys be appointed to represent the Class as certified by the Court;

c.  a permanent injunction against Prudential and Pruco, prohibiting the practices described herein and affirmatively requiring them to act in the best interests of the Plan and its participants;

d.  that the Court award Stone and the Class appropriate equitable relief to redress Prudential's and Pruco's violations of New Jersey's consumer protection laws, and common law, including disgorgement of the profits that Prudential and Pruco reaped through the violations;

e.  that Stone and the Class recover prejudgment and post judgment interest at the maximum rates permissible at law or in equity;

f.  that Stone and the Class recover attorney's fees under the New Jersey Consumer Fraud Act, costs, and other recoverable expenses of litigation;

g.  that Stone and the Class recover such other and further relief that the Court deems appropriate and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand a trial by jury for all issues so triable in this action.

Dated: New York, New York
      August 4, 2021

By: *s/ Roberto Cuan*
John G. Balestriere*
Roberto Cuan (Atty ID: 035821999)
**BALESTRIERE FARIELLO**
225 Broadway, 29th Floor
New York, New York 10007
Telephone:    (212) 374-5401
Facsimile:    (212) 208-2613
john.balestriere@balestrierefariello.com
roberto.cuan@balestrierefariello.com
*Attorneys for Plaintiff and the Class*
*\*Pro hac vice application forthcoming*