NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DOYLE C. STONE, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>PRUDENTIAL FINANCIAL, INC. and PRUCO LIFE INSURANCE COMPANY,<br><br>    Defendants. | Civil Action No: 21-14610(SDW)(ESK)<br><br>**OPINION**<br><br>November 19, 2021 |

**WIGENTON**, District Judge.

  Before this Court is Defendant Prudential Financial, Inc. ("Prudential Financial") and Pruco Life Insurance Company's ("Pruco") (collectively, "Defendants" or "Prudential") Motion to Dismiss Plaintiff Doyle C. Stone's ("Plaintiff") putative Class Action Complaint pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(6) and 9(b). Jurisdiction is proper pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, the Motion is **GRANTED.**

### I.  BACKGROUND AND PROCEDURAL HISTORY

  Defendant Prudential Financial is a Fortune 500 company "incorporated under the laws of New Jersey." (D.E. 1 ¶ 20.) Defendant Pruco is a wholly-owned subsidiary of Prudential Financial. (*Id.* ¶ 21.) Defendants provide "a variety of products and services to both individual and institutional customers, including life and supplemental insurance, annuities, retirement-

related services, investment management, and mutual funds." (*Id.* ¶ 22.) Plaintiff, a resident of Kentucky, broadly alleges that Defendants have "engage[d] in a scheme to deprive institutional participants and their beneficiaries of the value of their retirement, annuity, and insurance plans ("Plan" or "Plans")" by "utiliz[ing] deficient notification and identification practices, along with purposefully unclear descriptions of benefits, so that less than the full amount of funds due are distributed to Plan participants and their beneficiaries." (*Id.* ¶¶ 1-6.) Although the Complaint is far from clear, it appears that Plaintiff is alleging that by failing to give proper notice, Defendants 1) can mark Plans as "abandoned" and "transfer the unclaimed monies . . . into their own accounts" instead of "transferring the funds to state unclaimed property accounts, as required by law," or 2) improperly invest "the retained funds for their own" benefit. (*Id.* ¶¶ 3-6.) Plaintiff specifically pleads that Defendants fail to provide proper notice to holders of retirement plans, matured annuities, and life insurance plans that are "transferred to Prudential as a new administrator." (*Id.* ¶¶ 34-41.)

Plaintiff alleges that he is a Plan participant who holds three life insurance policies and one annuity plan and was promised, but did not receive, proper notice of changes to his policies from January 2010 through January 2021, causing him "to lose at least $30,000 in benefits" and incur "thousands of dollars in fees." (*Id.* ¶¶ 55-60.) Plaintiff does not allege that he holds a retirement plan, a matured annuity, or a transferred life insurance policy. Nor does Plaintiff identify the terms of his Plans, what changes were made to his policies that required notice, the identities of the individuals who made the alleged promises, or any facts supporting his claim for monetary harm.

On August 4, 2021, Plaintiff filed suit in this Court, asserting claims for: violation of the New Jersey Consumer Fraud Act ("NJCFA"), N.J. Stat. §§ 56:8-1, *et seq.* (Count I); breach of fiduciary duty (Count II); unjust enrichment (Count III); and common law fraud (Count IV). (*See*

*generally* D.E. 1.)  Plaintiff brings suit "on behalf of himself and all other persons in the United States who were (1) Plan participants in the retirement, annuity, and insurance Plans in or after January 2105 until the present date (the 'Class Period') and were damaged by [Defendants'] deficient notification practices and/or improper transfer of funds to its own accounts or (2) the beneficiaries of such Plans (the 'Class')." (*Id.* ¶ 24.)[1]  Defendants moved to dismiss on September 24, 2021 and all briefing was timely filed.  (D.E. 11, 12, 18, 20.)[2]

## II.     LEGAL STANDARD

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8(a)(2).  This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.

---

[1] This is the second such suit Plaintiff has filed in this Court.  Plaintiff's prior suit against Defendants was filed on February 1, 2021 and was based on nearly identical allegations.  (*See* Civil Action No. 21-1551, D.E. 1.)  Plaintiff voluntarily dismissed that suit on June 28, 2021.  (*See id.*, D.E. 23, 24.)

[2] On September 23, 2021, Defendants also filed a separate motion for sanctions pursuant to Rule 11.  (D.E. 9.)  That motion is currently pending before Magistrate Judge Edward S. Kiel.

Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Rule 9(b). Plaintiffs "alleging fraud must state the circumstances of the alleged fraud[ulent act] with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged.'" *Park v. M & T Bank Corp.*, Civ. No. 09–02921, 2010 WL 1032649, at *5 (D.N.J. Mar. 16, 2010) (citing *Lum v. Bank of Am.*, 361 F.3d 217, 223–24 (3d Cir. 2004)).

### III.   DISCUSSION

A. <u>Common Law Fraud (Count IV)</u>

To bring a claim for common law fraud under New Jersey law, a party must show: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Citizens United Reciprocal Exch. v. Meer*, 321 F. Supp. 3d 479, 489 (D.N.J. 2018) (internal citations omitted); *see also Verify Smart Corp. v. Bank of Am., N.A.*, Civ. No. 17-4248, 2021 WL 2549335, at *12 (D.N.J. June 17, 2021).

Here, Plaintiff's broad allegations fall far short of the specificity required by Rule 9(b). Plaintiff alleges only that when he signed up for his Plans, "each company promised, through a Sales Representative[] . . . and the Prudential Representatives who signed the policies, that he would receive proper notices to any changes in his policies." (D.E. 1 ¶¶ 48, 55.) Plaintiff does not identify who those representatives were, what precisely he was told, what was materially misleading or false about those statements, or that the individuals involved intended him to rely on their statements in order to misappropriate funds or benefits belonging to him. Plaintiff's allegation that his reliance on those statements cost him $30,000.00 in benefits is not supported with any specific factual allegations. Therefore, Plaintiff has not sufficiently pled the elements for a claim of common law fraud under New Jersey law and that claim will be dismissed.

B. <u>NJCFA (Count I)</u>

To state a claim under the NJCFA, a plaintiff must sufficiently plead: "(1) unlawful conduct by the defendant; (2) an ascertainable loss by the plaintiff; and (3) a causal connection between the defendant's unlawful conduct and the plaintiff's ascertainable loss." *Dzielak v. Whirlpool Corp.*, 26 F. Supp. 3d 304, 333 (D.N.J. 2014) (citing *Bosland v. Warnock Dodge, Inc.*, 964 A.2d 741, 749 (N.J. 2009)). Unlawful conduct may consist of "affirmative acts, knowing omissions, and violation of regulations promulgated under N.J. Stat. Ann §§ 56:8-2, 56:8-4." *Id.*; *see also Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 462 (N.J. 1994). Because the NJCFA addresses fraudulent conduct, Rule 9(b)'s heightened pleading standards apply. *See Crozier v. Johnson & Johnson Consumer Co., Inc.*, 901 F. Supp. 2d 494, 506 (D.N.J. 2012) (noting that a plaintiff must "allege the 'who, what, when, where, and how' of" an NJCFA claim) (internal citation omitted). Having failed to satisfy the pleading requirements for common law fraud under New Jersey law,

5

Plaintiff has also failed to sufficiently plead a claim under the NJCFA and Defendants' motion to dismiss Count One will be granted.

    C.   Breach of Fiduciary Duty (Count II)

"In order to establish a claim for breach of fiduciary duty, a plaintiff must plead the following: (1) the defendant had a duty to the plaintiff, (2) the duty was breached, (3) injury to plaintiff occurred as a result of the breach, and (4) the defendant caused that injury." *Gen. Motors, LLC v. Ashton*, Civ. No. 20-12659, 2021 WL 2549498, at *9 (D.N.J. June 22, 2021); *see also Goodman v. Goldman, Sachs & Co.*, Civ. No. 10-1247, 2010 WL 5186180, at *10 (D.N.J. Dec. 14, 2010). "In order for a fiduciary duty to exist, there must be a 'special relationship of trust and confidence' between the parties." *Thomas v. Nova Se. Univ., Inc.*, Civ. No. 11-2089, 2011 WL 3205298, at *2 (D.N.J. July 27, 2011). "An 'ordinary commercial transaction based in contract' does not give rise" to such a relationship. *Id.*

Plaintiff's position that Defendants owed him a fiduciary duty because they "perform[ed] all of the decisions on whether to restrict Plaintiff and Class' members benefits" is simply not enough to give rise to a special relationship of trust or confidence. (D.E. 1 ¶¶ 81-82.) Because the relationship between Plaintiff and Defendants is purely contractual, Defendants' motion to dismiss Count Two will be granted with prejudice.

    D.   Unjust Enrichment (Count III)

Unjust enrichment is an equitable cause of action that imposes liability when a defendant received a benefit and "retention of that benefit without payment would be unjust." *VRG Corp. v. GKN Realty Corp.*, 641 A.2d 519, 526 (N.J. 1994); *see also Gov't Employees Ins. Co. v. Adams Chiropractic Ctr. P.C.*, Civ. No. 19-20633, 2020 WL 881514, at *4 (D.N.J. Feb. 24, 2020). "To state a claim for unjust enrichment under New Jersey law, a plaintiff must allege that '(1) at

plaintiff's expense (2) defendant received benefit (3) under circumstances that would make it unjust for defendant to retain benefit without paying for it.'" *Gov't Employees Ins. Co. v. Ningning He, M.D.*, Civ. No. 19-9465, 2019 WL 5558868, at *6 (D.N.J. Oct. 29, 2019) (citing *Arlandson v. Hartz Mt. Corp.*, 792 F. Supp. 2d 691, 711 (D.N.J. 2011)).  "However, [r]estitution for unjust enrichment is an equitable remedy, available only when there is no adequate remedy at law.'" *Zamfirova v. AMAG Pharm., Inc.*, Civ. No. 20-152, 2021 WL 2103287 (D.N.J. May 25, 2021) (citing *Adamson v. Ortho-McNeil Pharm., Inc.*, 463 F. Supp. 2d 496, 505 (D.N.J. 2006) (internal citations omitted)).  Where, as here, the parties do not dispute that they entered into a valid contract, an aggrieved party's remedy is a breach of contract claim, not a claim for unjust enrichment.  *See, e.g.*, *RD Legal Funding, LLC v. Barry A. Cohen, P.A.*, Civ. No. 13-77, 2013 WL 4039020, at *9 (D.N.J. Aug. 7, 2013).  Because Plaintiff has an adequate remedy at law, Count Three will be dismissed with prejudice.

### IV.   CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is **GRANTED**.  Plaintiff shall have thirty (30) days within which to file an amended complaint.  Defendants' pending Motion for Sanctions shall be addressed after that amendment and any subsequent motion to dismiss is filed.  An appropriate order follows.

                                                                                       /s/ Susan D. Wigenton  
                                                           **SUSAN D. WIGENTON, U.S.D.J.**

Orig:       Clerk  
cc:         Edward S. Kiel, U.S.M.J.  
              Parties